FILED

NOV 18 2019

U.S. CLERK'S OFFICE
INDIANAPOLIS. INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
      v.                         )
                                )  Cause No.
MARCUS DILLARD,                  )
                                )  1:19-cr-0362 SEB -TAB
            Defendant.           )

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Abhishek S. Kambli, Assistant United States Attorney ("the

Government"), and the defendant, Marcus Dillard ("the defendant"), in person and by counsel,

Harold Samuel Ansell, hereby inform the Court that a Plea Agreement has been reached in this

case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The following are its terms

and conditions:

### Part 1:  Guilty Plea and Charge(s)

**1.      Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense charged in the Information:

**A.      Count 1,** which charges the defendant with committing the offense of

Possession with the Intent To Distribute Heroin, in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(C).

B.      **Count 2**, which charges that the defendant committed the offense of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c).

2.      **Potential Penalties**:  The offense charged in **Count 1** is punishable by a sentence of up to 20 years imprisonment, a fine of up to $1,000,000, and not less than three years of supervised release following any term of imprisonment.  The offense charged in **Count 2** is punishable by a sentence of imprisonment of not less than five years and not more than life, which must be consecutive to any sentence imposed for **Count 1**, a fine of up to $250,000, and up to five years of supervised release following any term of imprisonment.

3.      **Elements of the Offense:**

A.      To sustain the offense to which the defendant is pleading guilty as to **Count 1**, the Government must prove the following elements beyond a reasonable doubt: (i) the defendant possessed heroin; (ii) the defendant knew the substance was a controlled substance; and (iii) the defendant intended to distribute it to another person.

B.      To sustain the offense to which the defendant is pleading guilty as to **Count 2**, the Government must prove the following elements beyond a reasonable doubt: (i) the defendant committed a drug trafficking crime; (ii) the defendant carried a firearm during and in relation to a drug trafficking crime.

## Part 2:  General Provisions

4.      **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below.  The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth

2

in paragraph 9 below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history, and advisory sentencing guideline range will be made by the Court.

5.     **Rule 11(c)(1)(C), Fed. R. Crim. P.:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6.     **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7.     **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not

3

known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

       8.     **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

**Part 3:  Sentence of Imprisonment**

       9.     **Agreed Upon Sentence Pursuant To Federal Rule of Criminal Procedure 11(c)(1)(C):**  The parties agree that the following sentence is the appropriate disposition of this cause:

       A.     **Imprisonment:**  A total sentence of 97 months imprisonment on counts one and two.

---

[1]Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

10.  **Placement:** The Government agrees that it will not object to any requested recommendation of the defendant for placement by the Bureau of Prisons. The defendant acknowledges and understands that, even if the defendant's request is accepted by the Court, any placement recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

11.  **Programs and/or Treatment:** The Government agrees that it will not object to any request by the defendant for placement by the Bureau of Prisons in any specific programs or treatment during the defendant's service of any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court regarding such participation is only a recommendation and does not bind the Federal Bureau of Prisons.

12.  **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

13.  **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

14.  **No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 4:  Monetary Provisions and Forfeiture

**15.**    **Mandatory Special Assessment:**  The defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**16.**    **Fine:** The parties understand and agree that the Court will determine the amount of any applicable fine, and the parties reserve the right to present evidence and arguments concerning any applicable fine.

**17.**    **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  The defendant has a continuing obligation to pay any financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**18.    Forfeiture:**  The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States.  The defendant abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant.  The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

    A.    **A Zastava Arms, model EX40, 40 caliber handgun bearing serial number 02234;**

    B.    **Any ammunition associated with the offense; and,**

    C.    **$3,187.00 in U.S. currency.**

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out

in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes
an excessive fine or punishment.

### Part 5:  Factual Basis for Guilty Plea

    **19.**    The parties stipulate and agree that the following facts establish a factual basis for
the defendant's plea of guilty to the offenses set forth in Paragraph 1, above, and that the
Government would be able to establish the following facts beyond a reasonable doubt in the
event this cause was to proceed to trial.  The following information is only a summary of the
Government's evidence. This Plea Agreement is not intended to foreclose the presentation of
additional evidence at the time of sentencing, and the Government reserves the right to present
such evidence.

    **A.**    On October 29, 2019 within the Southern District of Indiana, Indianapolis
Metropolitan Police Department (IMPD) Detectives De Leon and Smilko were patrolling in a
fully marked police vehicle while in uniform and Bureau of Alcohol, Tobacco, Firearms, and
Explosives (ATF) Special Agent (SA) Todd Bevington and Task Force Officer (TFO)
Christopher Cooper were driving in an undercover vehicle.  They observed a vehicle commit
two traffic violations (failing to signal prior to turning and turning into the furthest west lane
going northbound).  Detective Smilko initiated a traffic stop and the vehicle came to a stop.

    **B.**    Detective Smilko walked over to the driver side while Detective De Leon
went to the passenger side. Due to the dark tints on the vehicle, Detective Smilko advised
the driver to pull the windows down.  The driver, later identified as the defendant, complied.
Detective De Leon asked the defendant for the registration to the vehicle.  The defendant
opened the center counsel for a brief moment.  Detective De Leon observed a clear plastic
bag containing a large pressed chunk of suspected heroin.  Based on his training and

experience, Detective De Leon has become familiar with heroin upon sight. Detective De Leon was exposed to the sight of heroin at the training academy and has participated in over 100 arrests for heroin. He immediately knew based on that training and experience that the plastic bag in the center console contained suspected heroin. The defendant slammed the center console shut. He opened the glove compartment and began frantically throwing papers onto the passenger seat. Detective De Leon observed the defendant's hands shake continuously as he was throwing papers out of the glove compartment and could not understand the words the defendant was saying. Detective De Leon advised the defendant to relax and stop moving around.

C.     Detective De Leon advised Detective Smilko to have the defendant step out of the vehicle. Detective Smilko pulled the driver door handle in an attempt to open the door but it was locked. He advised the defendant to unlock the door. The defendant refused and tried to drive away until another police vehicle appeared and prevented him from doing so. Officers continued to try to get the defendant to exit the vehicle and he resisted arrest. Ultimately, they were able to detain him.

D.     After the defendant was detained, detectives located a working digital scale with heroin residue on the balance and approximately 69 grams of suspected heroin in a clear plastic bag in the center console of his vehicle. Detectives also located $3,187.00 in currency along with three cell phones in the center counsel. A Zastava Arms, model EX40, 40 caliber handgun (serial number 02234) loaded with 11 live rounds of ammunition was located between the driver seat and center console. This firearm is not manufactured within the state of Indiana. By virtue of presence within the state, it had to have been transported or shipped in interstate or foreign commerce. The suspected heroin was tested be the

Indianapolis-Marion County Forensic Laboratory. The testing confirmed the presence of heroin at a weight of 66.44 grams.

E.      IMPD Detective Sergeant Shaughnessy spoke with the defendant's wife on the phone. She told Detective Sergeant Shaughnessy that the vehicle the defendant was driving belonged to her but that the defendant had been in possession of the vehicle for a while. Detective Sergeant Shaughnessy explained to the defendant's wife that a handgun and narcotics were located inside of her vehicle. She stated that she did not have a handgun or narcotics and she does not know what the defendant puts in her vehicle.

F.      The defendant has the following felony convictions on his record and had knowledge of such convictions: (1) Resisting law enforcement in Cause Number 49G14-1704-F6-014849, Marion County, Indiana, on or about October 22, 2019, (2) Possession of a Narcotic Drug in Cause Number 49G14-1704-F6-014849, Marion County, Indiana, on or about October 22, 2019  (3) Possession of Hash Oil in Cause Number 49G14-1306-FD-040201, Marion County, Indiana, on or about October 1, 2013, and (4) Resisting Law Enforcement in Cause Number 49F15-0612-FD-238306, Marion County, Indiana, on or about August 30, 2007.

## Part 6:  Other Conditions

**20.     Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

21.     **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

22.     **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

**Part 7:  Sentencing Guideline Stipulations**

23.     **Guideline Computations:**     Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties make no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines, and agree that such determination will be made by the Court.

A.     **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

## **Part 8:  Waiver of Right to Appeal**

24.     **Direct Appeal:**  The defendant understands that the defendant has a statutory

right to appeal the conviction and sentence imposed and the manner in which the sentence was

determined.  Acknowledging this right, and in exchange for the concessions made by the

Government in this Plea Agreement, the defendant expressly waives the defendant's right to

appeal the conviction imposed in this case on any ground, including the right to appeal conferred

by 18 U.S.C. § 3742.  The defendant further agrees that in the event the Court sentences the

defendant to a sentence of 97 months' imprisonment, then the defendant expressly waives the

defendant's right to appeal the sentence imposed in this case on any ground, including the right

to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all

provisions of the guilty plea and sentence imposed, including the length and conditions

supervised release and the amount of any fine.

25.     **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to

contest, or seek to modify, the defendant's conviction or sentence or the manner in which either

was determined in any later legal proceeding, including but not limited to, an action brought

under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the

United States Sentencing Commission and/or Congress in the future amend the Sentencing

Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly

make such an amendment retroactive, the Government agrees that it will not argue that this

waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. §

3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files

such a motion, the Government may oppose the motion on any other grounds.  Furthermore,

should the defendant seek to appeal an adverse ruling of the district court on such a motion, the

Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

**26.      No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

**27.      **The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**28.      **The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Statement of the Defendant

**29.      **By signing this document, the defendant acknowledges the following:

**A.      **I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

**B.      **I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney

is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

      **C.**     I have read the entire Plea Agreement and discussed it with my attorney.

      **D.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

      **E.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

      **F.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

      **G.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

      **H.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

14

**I.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**L.**     Trial of this cause is scheduled to commence on August 22, 2017. I request that any trial date in this matter be continued as to me to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 11:  Certificate of Counsel

**30.**     By signing this document, the defendant's attorney and counselor certifies as follows:

**A.**     I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Information in this case;

**B.**     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**C.**     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.**     In my opinion, the defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.**     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 12:  Final Provision

31.    **Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

11/15/19
DATE

Abhishek S. Kambli
Assistant United States Attorney

11/15/19
DATE

Barry D. Glickman
Deputy Chief, Drug & Violent Crime Unit

11/15/19
DATE

Marcus Dillard
Defendant

11/15/19
DATE

Harold Samuel Ansell
Counsel for Defendant