UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-00362-SEB-TAB |
| | ) | |
| MARCUS DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING EMERGENCY MOTION FOR RELEASE
FROM DETENTION BASED UPON THE COVID-19 PANDEMIC**

This matter is before the Court on Defendant, Marcus Dillard's ("Dillard") Emergency Motion for Release from Detention Based Upon the Covid-19 Pandemic (Filing No. 33). Dillard asks the Court to grant him release from detention due to the Coronavirus ("COVID-19") pandemic. The Government filed a Response in Opposition on April 3, 2020. (Filing No. 38.) For the following reasons, the Motion is **denied**.

## I. BACKGROUND

Dillard, a 34-year-old male, is presently detained at Henderson County Detention Center in Henderson, Kentucky. He waived Indictment on November 18, 2019, and was charged by an Information with one count of Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and one count of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18, U.S.C. § 924(c)(1). (Filing No. 13.) Dillard appeared before the Magistrate Judge on November 29, 2019 and was ordered detained. The Court determined by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community; and, by a preponderance of evidence that no condition or combination of conditions of release will

reasonably assure Dillard's appearance as required. ([Filing No. 24](#)). The Court cited as reasons for detention that (1) the weight of the evidence is strong, (2) prior criminal history, (3) participation in criminal activity while on probation, parole, or supervision, (4) history of violence or use of weapons, (5) history of alcohol or substance abuse, (6) prior failure to appear in court as ordered, (7) prior violations of probation, parole, or supervised release, and (8) the defendant was on probation at the time of the instant offense. *Id*.

That same day, a Petition to Enter a Plea of Guilty and Plea Agreement were filed with the Court ([Filing No. 19](#)), and on January 27, 2020, the final Presentence Investigation Report was filed. (Filing No. 30.) A change of plea and sentencing hearing was to have been held on March 25, 2020, however, due to the COVID-19 virus and shutdown of the courthouse, the hearing was vacated. The hearing will be rescheduled when safe conditions for a hearing are determined.

Dillard requests temporary release to home incarceration because he suffers from asthma and hypertension and that "these conditions are each … associated with a six percent mortality rate from COVID-19" and "the risk of death from infection" for Dillard "is unknown but it is reasonable to infer that it is higher … than six percent." ([Filing No. 34 at 9-10](#).) He requests pretrial release and supervision by the United States Probation Office pursuant to 18 U.S.C. § 3142(i), because he is a person at risk for serious illness from COVID-19. *See* CDC (March 12, 2020) at [https://bit.ly/2vgUt1P](https://bit.ly/2vgUt1P). Dillard requests that he be released temporarily to home confinement with GPS monitoring, where he could be supervised by the United States Probation office and quarantined to his home. He proffers that he would reside with his wife and children at an address in Indianapolis, Indiana.

## II.  ANALYSIS

As an initial matter, the Court determines that a hearing is not necessary.  When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community."  18 U.S.C. § 3142(b).  The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  *Id.* § 3142(i).

The Government opposes Dillard's release under any circumstances, arguing his release represents an unacceptable danger to the community and a substantial risk of nonappearance.  The Government notes that Dillard has petitioned to plead guilty to Possession with Intent to Distribute Heroin, and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and he faces a lengthy sentence as a result of these offenses.  They note that Dillard has a criminal history which includes multiple convictions for resisting arrest.  In one instance, he resisted arrest by kicking and punching an assisting K9 unit.  ([Filing No. 2](Filing No. 2)8.)  In another instance, he fled from law enforcement in a vehicle and collided with another vehicle while doing so.  (*Id*.)  In the instant offense, while being placed under arrest, Dillard was involved in an altercation with arresting officers that resulted in one of the arresting officers having his eyeglasses broken.  (Filing No. 2 under 1:19-mj-01016.)  Dillard has previously violated the conditions of his probation and his probation has been revoked on multiple occasions. (Filing No. 9. under 1:19-mj-01016.)

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure safety of the community if Dillard were

released. The Risk Instrument places Dillard in risk Category 4, which indicates a moderate-high risk level for release. Based on the risk factors and Dillard's personal history, the probation officer believes continued detention is appropriate in order to ensure the safety of the community.

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of a COVID-19 pandemic. Dillard seeks release from detention because the COVID-19 virus attacks the elderly and those with underlying health conditions. Dillard's offense involves guns and drugs, and he has agreed to plead guilty and accept a sentence of 97 months. In his Motion for the Court to reconsider the Order of Detention, Dillard cites the risk posed as a result of his incarceration and the COVID-19 virus. He states that he has a heightened risk of serious illness as a result of his hypertension. As asserted by the Government, Henderson County Detention Center has implemented aggressive measures to counter the spread of the COVID-19 virus. Dillard is 34 years old and, to date, hypertension has not been identified as one of the conditions that places an individual in a higher risk category. Moreover, despite having high blood pressure and childhood asthma, Dillard recently reported to the probation officer that he was "in good health with no serious ailments or surgeries in his life." (Filing No. 30 at 12). Dillard's circumstances have not changed to an extent that would warrant his release from detention.

The Court finds the COVID-19 pandemic and Dillard's health conditions have not created a compelling reason for his release from detention. The COVID-19 pandemic has reduced the availability of conditions to mitigate the risk to the community and the resources of the United States Probation Office are presently limited. The Court finds no combination of conditions exist that will ensure the safety of the community if Dillard is released. Therefore, his Motion is **denied**

### III. CONCLUSION

For the reasons set forth above, Dillard's Emergency Motion for Release from Detention Based Upon the COVID-19 Pandemic (Filing No. 33), is **DENIED**

    **SO ORDERED.**

Date: 4/7/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE
abhishek.kambli@usdoj.gov