UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-362-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARCUS DILLARD | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cr-00362-SEB-TAB ) |
| MARCUS DILLARD, | ) -01 ) |
| Defendant. | ) |

**ORDER**

Defendant Marcus Dillard requests compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons explained below, Mr. Dillard's motion is **denied**.

**I. Background**

In June 2020, Mr. Dillard pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Dkt. 50. The Court sentenced him to 97 months in prison and five years of supervised release. *Id.*

---

[1] To the extent that Mr. Dillard is asking the Court to allow him to serve the rest of his sentence on home confinement, the Court lacks the authority to so. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Mr. Dillard's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Defendant's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

Mr. Dillard filed a pro se motion for compassionate release. Dkt. 65. The Court appointed counsel to represent him, but counsel withdrew. After counsel withdrew, the Court ordered Mr. Dillard to supplement his motion, and he did so. Dkt. 74. The United States filed a response in opposition. Dkts. 77, 78. Mr. Dillard filed a reply. Dkt. 79. Thus, his motion is ripe for review.

**II. Discussion**

Mr. Dillard argues that extraordinary and compelling reasons warrant release in his case because: (1) he suffers from medical conditions (including asthma, sleep apnea, sickle cell trait, being overweight, high blood pressure, hypertension, and anxiety issues) that increase his risk of experiencing severe symptoms if he contracts COVID-19; and (2) he should not have been convicted of violating 18 U.S.C. § 924(c)(1). Dkt. 65.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Dillard's first reason for requesting a sentence reduction—an alleged error in his original sentence—is not an extraordinary and compelling reason warranting relief under

3

§ 3582(c)(1)(A)(i). *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("A claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.").

That leaves Mr. Dillard's other reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his medical conditions and his prison's inability to control the spread of the virus. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason for release for an inmate who declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.* The Court has since consistently reiterated that, despite the threat of new virus variants, an inmate's risk of COVID-19 "cannot justify compassionate release absent an inability to receive or benefit from the vaccine." *See United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) (cleaned up).

Here, Mr. Dillard was offered and declined the COVID-19 vaccine. *See* dkt. 78. In his reply, he explains that he did so because: (1) there was no proof that the vaccine could handle all virus mutations currently circulating; (2) when he was initially offered the vaccine, the nurses who offered it could not explain the advantages and disadvantages; (3) he was apprehensive because,

4

when seeing the vaccine administered, he "never seen what it came in at all"; (4) people who get vaccinated can still contract COVID-19; and (5) his son "became autistic" after being vaccinated (presumably not with the COVID-19 vaccine, however, given the young age of Mr. Dillard's sons, *see* dkt. 30 at 1, and the timing of Mr. Dillard's vaccine refusal). Dkt. 79. But he has not presented any evidence suggesting that he was actually unable to obtain information about the vaccine's risks and benefits. And the Court need not accept his self-diagnosed skepticism of the vaccine. Mr. Dillard also has not shown that he cannot benefit from the vaccine. Accordingly, Mr. Dillard has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Given the determination that Mr. Dillard has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. But, even if he had shown extraordinary and compelling reasons warranting release, he was sentenced to 97 months in prison—60 months of which represented a mandatory minimum sentence. *See* 18 U.S.C. § 924(c)(1). He has been in custody less than three years and is not due to be released for more than four years. *See* https://www.bop.gov/inmateloc/ (last visited June 10, 2022) (listing anticipated release date of September 17, 2026). Accordingly, releasing him now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

5

### III. Conclusion

For the reasons stated above, Mr. Dillard's motion for compassionate release, dkt. [65], is **denied**.

**IT IS SO ORDERED.**

Date: 6/14/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Marcus Dillard
Reg. No. 17281-028
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189