UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCUS DILLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-03224-SEB-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion and amended motion of Marcus Dillard for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. And the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence under § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

1

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On October 29, 2019, IMPD Detectives De Leon and Smilko, and Special Agent Bevington and Task Force Officer Cooper of ATF stopped Mr. Dillard after he committed two traffic violations. *United States v. Dillard,* 1:19-cr-362-SEB-TAB (hereinafter "Crim. Dkt."), Crim. Dkt. 19 at 8. The officers asked Mr. Dillard for the registration to the vehicle. *Id*. Mr. Dillard opened the center console, and Detective De Leon observed a clear plastic bag containing a large, pressed chunk of what looked like heroin. *Id*. Detective De Leon ordered Mr. Dillard to unlock the door. *Id.* at 9. Mr. Dillard, however, refused and tried to drive away—until another police vehicle appeared and prevented him from doing so. *Id*. In Mr. Dillard's car, detectives located a loaded firearm, a digital scale with heroin residue, around 69 grams of heroin in a clear plastic bag, $3,187 in currency, and three cell phones in the center console of the vehicle. *Id*.

Mr. Dillard was initially charged with possession with intent to distribute a controlled substance, in violation of 21 U.S.C.§ 841(a)(1) (Count 1); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2); and possession of a firearm or ammunition as a prohibited person, or both in violation of 18 U.S.C. § 922(g)(1) (Count 3). Crim. Dkt. 2. Ultimately, Mr. Dillard agreed to waive indictment and was charged in an Information with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). Crim. Dkt. 13.

Harold Samuel Ansell was appointed as counsel for Mr. Dillard.  Crim. Dkt. 21.

On November 18, 2019, the parties petitioned to enter a plea of guilty and plea agreement

under Fed. R. Crim. P. 11(c)(1)(C). Crim. Dkt. 19. Mr. Dillard agreed to plead guilty as charged. *Id*. at 1. Mr. Dillard agreed to a sentence of 97 months' imprisonment. *Id*. at 4. The government agreed that Mr. Dillard should receive a three-level reduction under U.S.S.G. § 3E1.1(a) and (b). *Id*. at 11. Mr. Dillard waived his right to appeal if the Court sentenced him to 97 months' imprisonment. *Id*. at 12. Additionally, Mr. Dillard agreed not to contest, or seek to modify, his conviction or the way either was determined in any proceeding, including 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *Id*. at 12-13. Mr. Dillard's waiver did not encompass any claims of ineffective assistance of counsel. *Id*.

A presentence investigation report was prepared. Crim Dkt. 30 (PSR). Mr. Dillard's guideline imprisonment range was 30 to 37 months on Count 1, plus a consecutive 60 months on Count 2. PSR ¶¶ 78-81.

On June 3, 2020, the Court accepted Mr. Dillard's plea. Crim. Dkt. 49. Following the terms of the plea agreement, the Court sentenced Mr. Dillard to 97 months' imprisonment. Crim. Dkt. 50.

On December 14, 2020, Mr. Dillard moved to vacate under 28 U.S.C. § 2255 arguing his counsel was ineffective for failing to file a notice of appeal. Dkts 1 and 2. The United States responded, dkt. 15. On August 16, 2021, Mr. Dillard filed an amended motion to vacate under 28 U.S.C. § 2255. Dkt. 14. Mr. Dillard claims that he is entitled to relief because his counsel failed to: 1) ensure he signed a waiver of indictment; 2) inform him of the consequences of pleading guilty; 3) file any pretrial motions; 4) conduct a pretrial investigation; 5) attempt to negotiate a more favorable plea; and 6) file an appeal.

### III. Discussion

In general, to prove ineffective assistance of counsel, Mr. Dillard would have to meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that (1) his attorney performed deficiently, and (2) the deficiency in performance prejudiced him. *Id*. In the guilty plea context, courts are to apply the modified *Strickland* analysis articulated in *Hill v. Lockhart*, 474 U.S. 52, (1985). *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021) (citing *Gish v. Hepp*, 955 F.3d 597, 605 (7th Cir. 2020)). "Under *Hill*, the deficient performance prong remains largely unchanged. A defendant must show that his counsel rendered objectively unreasonable performance and 'performed seriously below professional standards.' On the prejudice prong, a defendant must show a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Smith,* 989 F.3d at 582 (quoting *Lee v. United States*, 582 U.S. 357, 363 (2017) and *Hill*, 474 U.S. at 59).

A guilty plea, however, "should not lightly be withdrawn." *United States v. Brown*, 973 F.3d 667, 715 (7th Cir. 2020). Courts must "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee*, 582 U.S. at 369. Instead, Courts "look to contemporaneous evidence to substantiate a defendant's expressed preferences" and only allow a withdrawal if we are convinced that the defendant would have pleaded differently. *Id.*

As explained below, Mr. Dillard cannot meet this burden because his statements to the Court during the Change of Plea and Sentencing Hearing contradict his claims. Mr. Dillard's prior testimony is given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984,

4

987 (7th Cir. 1999). "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

### A. Waiver of Indictment

Mr. Dillard first argues that he did not sign a waiver of indictment giving this Court jurisdiction to accept the plea of guilty. Dkt. 14 at 2. But this contradicts the record. First, during his initial appearance, Mr. Dillard signed a waiver of indictment. Crim. Dkt. 26. And during his plea hearing, the Court verified this was correct:

> THE COURT: Okay. The file discloses that you have consented to proceed by way of an information. That means you waived your right to have the grand jury consider the evidence and make a decision.
>
> So we're proceeding on the basis of the information that was filed. Ordinarily, the grand jury makes a decision about whether to bring criminal felony charges in the federal system, but that's a right that, while it's yours, you can give it up if you choose to do that, if you do that voluntarily.
>
> There's another document in the file here that I have – I'm reading from the files, the matters in the file, Mr. Dillard -- that is a waiver of indictment, and it indicates that this explanation was made to you back in December by Magistrate Judge Dinsmore. Do you remember when he explained this to you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And so do you want me to proceed on the basis of your waiver today? Shall we continue with that?
>
> THE DEFENDANT: Yes, Your Honor.

Crim. Dkt. 82 at 7-8. Thus, Mr. Dillard's claim is factually incorrect and denied on this basis.

### B. Consequences of Pleading Guilty

Mr. Dillard next claims that his counsel failed to "inform Dillard of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial" and that he "push[ed] Dillard to plead guilty." Dkt. 14 at 6-7. But this contradicts his in-court statements. He told this Court, three times, that no one persuaded or coerced him against his will

5

to plead. Crim. Dkt. 82 at 4, 13, 17. First, when the Court asked whether he had been persuaded or coerced, Mr. Dillard stated "No, Your Honor. I made the decision." *Id.* at 4. Later, he again affirmed that after he discussed the plea carefully with his counsel he was not persuaded or coerced and his decision was made on his own, freely and voluntarily. *Id.* at 13. And once again the Court wanted to know whether Mr. Dillard had been persuaded or coerced against his will to plead guilty and he stated "No, Your Honor." *Id.* at 17.

He also informed the Court that his counsel discussed with him that he had the choice to plead guilty or go to trial. *Id.* at 4. The Court asked if Mr. Dillard had any questions for the Court regarding his decision to plead and he stated he did not. *Id.* at 17. Further, he affirmed that he read the Information carefully and discussed the charges with his counsel. Dkt. 82 at 8-10. Mr. Dillard asserted that he understood the two charges against him and had no questions on the essential elements of the charges. *Id.*

Next, Mr. Dillard agreed that he had signed the plea agreement accepting all of the terms. Dkt. 82 at 12. This includes a binding 97-month term of imprisonment. Dkt. 20 at 2-4 (Mr. Dillard argues contrary to the record in his reply that he believed he would receive a 5-year sentence). Mr. Dillard also affirmed that he was satisfied with his counsel's representation. *Id.* at 17. The Court even then stated that:

> THE COURT: Mr. Ansell's well known to me as a judge of the court because he appears regularly representing people like you and making sure that their interests are protected in terms of these prosecutions. So I know that he knows his business as a defense lawyer, but I want to make sure that he's performed in a way that you find acceptable, too.
>
> Has his performance, as far as you're concerned, been acceptable?
>
> THE DEFENDANT: Yes, Your Honor.

Dkt. 82 at 17-18.

Mr. Dillard's claims are contradicted by his own statements. "[A] defendant's sworn testimony in a Rule 11 plea colloquy" is given special weight. *Smith*, 989 F.3d at 582; *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016) ("A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court."). "The whole point of the plea proceeding (the Rule 11 colloquy) is to establish that the plea was knowingly and voluntarily made." *United States v. Ellison*, 835 F.2d 687 (7th Cir. 1987). Thus, the defendant's testimony is presumed true, and the defendant bears a heavy burden to overcome this presumption. *See United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008).

Mr. Dillard understood his plea and made it voluntarily. No relief is warranted on this basis.

### C. Pretrial Motions

Mr. Dillard claims his counsel failed to file pretrial motions such as a motion to dismiss or a suppression motion. Dkt. 14 at 4. He claims these motions would have shown the "strength of the government's case and the evidence that they had against Dillard" allowing Mr. Dillard to "make an informed decision on whether to plead guilty." Dkt. 14 at 8.

But the Government correctly argues that Mr. Dillard cannot prevail under *Strickland* by speculating about hypothetical motions. To prevail on his claim that his counsel was ineffective for failing to move to suppress the evidence or to file some other motion, Mr. Dillard must show that such a motion would have succeeded. *Long v. United States*, 847 F.3d 916, 921 (7th Cir. 2017).

In his reply, Mr. Dillard states simply that a motion should have been filed because the "facts of the stop were suspect." Dkt. 20 at 4. Mr. Dillard has thus failed to "allege[ ] facts that, if proven, would entitle him to relief," and instead makes allegations that are "vague" and "conclusory." *Long v. United States*, 847 F.3d at 922. Mr. Dillard has not shown that any benefit

would have followed from the filing of pretrial motions and expeditiously pursuing a plea agreement. An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

### D. Pretrial Investigation

Next, Mr. Dillard claims that his counsel failed to conduct a pretrial investigation, which would include inspecting the discovery in his case, reviewing the validity of the traffic stop, interviewing officers, and securing an expert witness to counter the government's case. Dkt. 14 at 3, 9-13.

When counsel's "purported deficiency is based on a failure to investigate," the petitioner is required "to allege what the investigation would have produced." *Long*, 847 F.3d at 920 (internal quotation omitted). "In a failure to investigate case, a defendant must prove that evidence uncovered during that investigation would have led the attorney to change her recommendation to accept the plea offer." *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013) (citing *Hill*, 474 U.S. at 59).

Mr. Dillard has not met his burden. He bases his argument on events that he now claims took place during his arrest. *Id*. at 10-13. But this version of events wholly contradicts the facts he agreed were true in his plea agreement and colloquy with the Court. Dkt. 10-13. In his new version, he claims that he was illegally stopped and only had cash was from his wife's business and three cellular phones in his vehicle. *Id*. The United States notes that he fails to mention that a firearm, 11 rounds of ammunition, THC edibles, a digital scale with suspected heroin residue, 69 grams of heroin, and 4 cellular phones were also found in his vehicle. Dkt. 18 at 12-13.

Nor does Mr. Dillard explain why he did not bring this version of events to the Court's attention during his colloquy with this Court. During his plea hearing, the Court verified that the

"evidence that's summarized in part 5 of the plea agreement" was an accurate summary of the evidence and this evidence would permit a reasonably jury to conclude that Mr. Dillard was guilty of these two counts (including possession with the intent to distribute) and Mr. Dillard agreed. Crim. Dkt. 82 at 24-25. The Court then inquired if Mr. Dillard had "any quarrel with the facts" or "disagreement with these facts" and Mr. Dillard stated he had no disagreements, and the facts were true. *Id.* at 26. Mr. Dillard also confirmed that he did possess the heroin and firearm. *Id*. These facts were sufficient to establish Mr. Dillard's guilt.

Mr. Dillard cannot succeed here by contradicting the facts he agreed to. *Ellison*, 835 F.2d 687. Only after reviewing the rights waived by pleading guilty, the sentencing factors, and the factual basis, did the Court accept Mr. Dillard's guilty plea. Dkt. 82 at 12-27. The "[e]ntry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). The statements made by Mr. Dillard during the plea hearing are presumed to be true. *See Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted).

No relief is warranted on this basis.

### E.  Deficient Plea Negotiations

Mr. Dillard next claims that his counsel "failed to attempt to negotiate a favorable agreement such as no-contest plea, which would preserve Mr. Dillard's defense and would allow plea bargaining." Dkt. 14 at 18. He claims that "if not for [Attorney] Ansell's erroneous assessment of Dillard's inaccurate judgment of records; failure to secure a plea agreement from the government; and incorrect advice; Dillard would have opted to go to trial and receive a significantly less harsh sentence." Dkt. 14 at 19.

9

In response, the United States argues that Mr. Dillard provides no evidence to support his claim. Dkt. 18 at 14. Mr. Dillard presents nothing to contradict that he did in fact receive the best offer from the government. Absent any evidence that Mr. Dillard's attorney performed deficiently, this claim for relief is denied.

Mr. Dillard's failure to present any evidence showing that the prosecutor would have offered him a better deal if his attorney was competent dooms his claim. "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including…the cooperation of the prosecutor, who has no obligation to offer such an agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) (citing cases).

### F. Prejudice

In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The United States argues that the record and Mr. Dillard's own statements in court show that he wanted to plead guilty. And he suffered no prejudice because the plea benefitted him. By following counsel's advice and pleading guilty with a binding agreement, he received a sentence well below what he could have faced without the plea. Without his binding plea agreement, he could have faced conviction on additional counts as charged in the criminal complaint. Dkt. 18 at p. 11. Mr. Dillard was found with not only a firearm, but 11 rounds of ammunition, meaning that he could have faced another charge of felon in possession of a firearm. Attorney Ansell and Mr. Dillard avoided those outcomes by agreeing to accept the plea offered by the government. *Id.* Indeed, *Strickland* renders that decision "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

In fact, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

Further, Mr. Dillard could have lost the three-level reduction for acceptance of responsibility. If that had happened, Mr. Dillard faced a sentence of 101 to 111 months in prison versus the 90 to 97 months he faced with the acceptance of responsibility. In the end, Mr. Dillard fails to show any prejudice. Thus, even if Mr. Dillard had shown deficient performance, he has not shown prejudice. No relief is warranted on this basis.

### G. Notice of Appeal

Mr. Dillard also claims that his counsel failed to file a notice of appeal. Generally, if a defendant specifically requests that his counsel file a notice of appeal, it is per se ineffective assistance of counsel for him to fail to do so. *See Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012). The remedy for failure to appeal caused by ineffective assistance of counsel is a new opportunity to appeal. *Peguero v. United States*, 526 U.S. 23, 28-29 (1999). This general rule applies even if the defendant has signed an appeal waiver. *Garza v. Idaho*, 139 S. Ct. 738, 743 (2019).

The United States argues that the general rule has no application here. Mr. Dillard claims he wrote his counsel a letter on June 9, 2020 "explaining that he had misadvised him of the sentence imposed and that the sentence was harsh and unreasonably high and I [Dillard] wished to appeal the sentence." Dkt. 2 at 4. Mr. Dillard provides the letter he claims expressed his desire to counsel to file a notice of appeal. Dkt. 2-1. In the letter, Mr. Dillard stated that he was "writing in regards to filing a[n] appeal" but then questioned why a motion to suppress was not filed. *Id*. And, contrary to his claim here, he did not question his sentence as harsh or unreasonably high. *Id*. This was not the requisite specific request. *Dowell*, 694 F.3d at 901.

11

An interest in a notice of appeal is not a request to file a notice of appeal. Trial counsel "had no reason not to appeal, and could have filed the notice of appeal at the sentencing hearing if [Mr. Dillard] had indeed asked him to do so." *Minnieweather v. United States*, No. 18-cv-2132-JES, 2018 WL 5802334, at * 4 (C.D. Ill. Nov. 6, 2018) (no ineffective assistance of counsel where petitioner did not ask trial counsel to file a notice of appeal until months after the 14-day period elapsed).

In addition, in Mr. Dillard's amended § 2255 motion and reply to that motion, dkt. 20, he does not pursue his claim that he directed his attorney to file a notice of appeal, instead he states that he wanted to appeal but his attorney did not consult him on this issue. Dkt. 14 at 20. Specifically, counsel allegedly failed to advise him that he had the right to appeal and the time limits involved. Dkt. 14 at 21. But, this argument is belied by the record. Instead, the Court specifically discussed Mr. Dillard's appeal rights with him, and he stated that he understood. Dkt. 82 at 15-17, 22-24, 54.

No relief is warranted on this basis.

### IV.  Motion for Evidentiary Hearing

Mr. Dillard seeks an evidentiary hearing "to prove his meritorious grounds for relief, resolve facts in dispute between the parties and expand an incomplete record." Dkt. 20 at 6. A hearing is required when "a petitioner alleges facts that, if true, would entitle him to relief." *Id.* (quoting *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016) (quotation marks omitted)). But a judge may deny a hearing if the petitioner's allegations are "too vague and conclusory," *id.*, or if "the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b). For the reasons explained above, the files and records of this case reflect that Mr. Dillard's plea was knowing and voluntarily made and supported by

constitutionally adequate advice of counsel. No evidentiary hearing is necessary under these circumstances.

### V. Motion for Counsel

After this action was fully briefed, Mr. Dillard moved for the appointment of counsel. The authority for appointing counsel in an action seeking relief under 28 U.S.C. § 2255 comes from the Criminal Justice Act, 18 U.S.C. § 3006A. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, *see* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855 (1994), or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the Rules Governing Section 2254 Cases. In this case, Mr. Dillard is not under a death sentence, and no evidentiary hearing is necessary to resolve his § 2255 motion. Therefore, whether to appoint counsel is purely a discretionary matter. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Thus, the Court must consider "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281.

The interests of justice do not require the appointment of counsel at this stage. Mr. Dillard's arguments contradict his statements made at his sentencing hearing and no plausible basis for relief consistent with his prior statements have been identified. Mr. Dillard's motion for counsel, dkt [24], is **denied.**

### VI. Motion to Compel

Mr. Dillard's untimely motion to compel, dkt. [25], is summarily **denied.** "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . ." Mr. Dillard sought discovery after this action was fully briefed and the statute of limitations had run. Under these circumstances good cause has not been shown.

### VII. Conclusion

For the reasons explained in this Order, Marcus Dillard is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief under § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:19-cv-362-SEB-TAB.** The motion to vacate (Crim. Dkt. 83) shall also be **terminated** in the underlying criminal action.

### VIII. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Marcus Dillard has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a

constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  10/12/2023

                                                   SARAH EVANS BARKER, JUDGE
                                                   United States District Court
                                                   Southern District of Indiana

Distribution:

MARCUS DILLARD
17281-028
USP Marion
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL  62959

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
abhishek.kambli@usdoj.gov