Case 1:19-cr-00362-SEB-TAB   Document 106   Filed 10/17/24   Page 1 of 4 PageID #: 906

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:19-cr-00362-SEB-TAB-1 |
| MARCUS DILLARD ) | USM No: 17281-028 |
| ) | |
| Date of Original Judgment: 06/10/2020 ) | |
| Date of Previous Amended Judgment: ) | |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  06/10/2020  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 10/17/2024

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00362-SEB-TAB |
| | ) | |
| MARCUS DILLARD, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Marcus Dillard's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 95]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in <u>Dillon v. U.S.</u>, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because his original guideline range would not be reduced, thus making him ineligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of 1 point (rather than 2 under the original guidelines

formulation), if the defendant received 7 criminal history points or more and committed the offense while under criminal justice sentence as specified. A person who had six criminal history points or fewer receives no status points.

Part B of Amendment 821 allows for a 2-level reduction for (many) offenders who had zero criminal history points. There are several exceptions to eligibility for this reduction. He must meet all of § 4C1.1's criteria for eligibility, one of which requires that he not be found to have possessed received, purchased, transported, transferred, sold or otherwise disposed of a firearm in connection with the offense. § 4C1.1(a)(7).

Petitioner Dillard had 6 criminal history points as a part of his sentencing guideline computation including 2 status points. He was in criminal history category III. If the 2 points were deducted, he would still be in criminal history category III (applies to anyone with 4-6 criminal history points.) Thus, even after applying § 4A1.1(e), his guidelines range would remain unchanged. To be eligible for relief, the sentencing range must be lowered by the applicable amendment. He is therefore ineligible and his motion for reduction of sentence must be denied.[1]

IT IS SO ORDERED.

Date: 10/17/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] We do not address Petitioner's claim that his status points were improperly applied to his sentence guideline calculation at sentencing, which issue must be raised under 28 USC § 2255, not 18 USC § 3582.

Distribution:

Counsel of record via CM/ECF

Marcus Dillard Reg. No. 17281-028
FCI MARION
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MARION, IL   62959


Electronic notification to USPO